GERTRUDE ANN JACOBSON, PLAINTIFF-RESPONDENT, v. BERNARD JACOBSON, DEFENDANT-APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued March 15, 1977—Decided March 28, 1977.

Before Judges LORA, CRANE and MICHELS.

*Mrs. Libby E. Sachar* argued the cause for appellant (*Messrs. Sachar, Bernstein, Rothberg, Sikora & Mongello,* attorneys; *Mr. Leonard S. Sachar,* of counsel; *Mr. Vincent L. Stripto* on the brief).

*Mr. James A. Geller* argued the cause for respondent.

*Mr. Bruce Lubitz* argued the cause for Mr. George Warren, guardian *ad litem.*

PER CURIAM. By leave of court, defendant Bernard Jacobson appeals from a portion of an order of the Chancery Division which denied his application to withdraw $10,000 from funds held in the trust account of his attorneys Messrs. Sachar, Bernstein, Rothberg, Sikora & Mongello in order to pay attorneys' fees and costs incurred and to be incurred in the defense of the criminal charges against him.

Plaintiff Gertrude Ann Jacobson and defendant were married in December 1952, and four children were born of the marriage. In March 1976 plaintiff instituted this action against defendant seeking a divorce on the ground of extreme cruelty and seeking alimony, custody of and support for the four children and equitable distribution of the marital property. Additionally, plaintiff sought an order enjoining defendant from transferring or sequestering said property and sought the award of counsel fees and costs. Defendant filed an answer in April 1976 denying geenrally the allegations of the complaint. On November 1, 1976 the trial judge issued an order requiring defendant to show cause why a guardian should not be appointed for the children of the marriage, and why he should not be restrained from transferring any of his assets or the marital property pending final hearing in the divorce action. The order also enjoined defendant from closing certain bank and savings and loan association accounts and from paying any funds to anyone out of these accounts. The order was obtained on the basis of an affidavit executed by plaintiff's attorney in which he alleged that defendant shot and killed plaintiff in their marital home on October 31, 1976, and that defendant was in the custody of the authorities. Plaintiff's attorney also claimed that as a result of discovery proceedings he ascertained that defendant had withdrawn approximately $73,000 in funds and cashed in life insurance poliices having a cash surrender value of $18,000 within the last year to a year and a half, and that these funds had not been accounted for.

On November 4, 1976 defendant moved to dismiss (1) the divorce complaint on the ground that the cause of

action for divorce was abated by the death of plaintiff wife, and (2) the order to show cause and the interim restraints contained therein. On November 8, 1976 the judge held that plaintiff's death abated her cause of action for divorce and alimony and granted defendant's motion to dismiss the complaint insofar as it sought such relief. However, the judge held on equitable principles that the death of plaintiff did not abate the cause of action insofar as it sought the equitable distribution of the marital property, custody of and support for the infant children of the marriage, and counsel fees and costs. He denied the motion to dismiss the complaint insofar as such relief was sought, and directed that the estate of the deceased wife be added as a party to the action. The trial judge's opinion is reported at 146 *N. J. Super.* 491 (Ch. Div. 1976).

On November 9, 1976 defendant obtained an order directing plaintiff's attorney to show cause why defendant should not be permitted to sell his pharmacy, New Drug Fair, and why he should not be able to use the proceeds of that sale and $8,840 held in a trust account to pay various attorneys, investigators, accountants and appraisers, and such other fees as the court might deem appropriate. This order was obtained on the basis of an affidavit of Leonard S. Sachar, Esq., which alleged that defendant was negotiating for the sale of the pharmacy prior to the killing of his wife and that after defendant was arrested on charges of murdering his wife and committing an assault and battery upon a West Orange police officer, his firm was able to sell the pharmacy for $35,000. He sought court approval for the sale. Sachar also alleged that his firm had been retained to represent defendant in the criminal matter and that defendant had executed a retainer agreement in which he agreed to pay the firm $10,000 and to reimburse them for expenses incurred in his behalf for investigation, medical, psychiatric and expert fees and other costs. As security for the retainer defendant assigned to his attorneys all of his interest in New Drug Fair, as well as the rights of New Drug Fair in the

lease of the business premises. Sachar further alleged that his firm had incurred expenses in the defense of the criminal charge, including the charges of psychiatrists and investigators, in the amount of approximately $2,000, and had earned $5,675 for attorneys' fees based on an agreed hourly rate of $100.

The hearing on defendant's order to show cause permitting the sale of the pharmacy and disbursement of funds was held on November 22, 1976. At that time a conference was also held with the judge to settle the terms of the order embodying the judge's decision of November 8, 1976. On December 2, 1976 the judge entered an order which, among other things, appointed a guardian *ad litem* for the infant children of the marriage, continued the prior restraints with respect to the bank accounts and savings and loan association accounts, enjoined defendant from selling or encumbering the marital residence, denied plaintiff's attorney's application to withdraw from the proceedings, approved the sale of New Drug Fair for $35,000, directed that the proceeds of the sale be deposited in defendant's attorneys' trust account to be used solely for the payment of debts of New Drug Fair upon prior notice and court approval, and directed that no other funds be disbursed.

On January 7, 1977 defendant moved to permit the withdrawal of funds presently in his attorneys' trust account in order to pay (a) attorneys' fees and costs in connection with the matrimonial action, other civil litigation and the sale of the pharmacy, and (b) the $10,000 required by the retainer agreement for the criminal matter. The judge reserved defendant's motion to withdraw funds to pay any attorneys' fees and costs in the divorce action pending final hearing. With respect to the withdrawal of funds to pay attorneys' fees and costs in connection with defense of the criminal charges the judge denied the application without prejudice to renew it when defendant fully explained what happened to the approximately $90,000 that he was alleged to have taken.

On March 1, 1977 defendant moved for leave to appeal from this order as well as the prior order of December 2, 1976. While the motion was pending defendant reapplied successfully to the trial judge to withdraw $2,000 from his attorneys' trust account to pay the psychiatrists and investigator retained in connection with the defense of the indictment. The indictment was set for pretrial conference on March 18, 1977, and trial set peremptorily for March 28, 1977. We granted leave to appeal only with respect to that portion of the order of January 25, 1977 that denied defendant the right to withdraw funds from the trust accounts in order to pay attorneys' fees and costs incurred in defense of the indictment, and heard the appeal on an accelerated basis. We denied defendant's motion for a stay of the criminal trial.

Defendant argues that the trial judge's refusal to permit him to withdraw his own funds in order to pay his attorneys to defend him in the criminal case in effect deprived him of his constitutional right to have the assistance of counsel of his choice. Defendant argues that he is not indigent and has assets sufficient to pay the attorneys he has retained to represent him.

 It is beyond dispute that both the Federal and State Constitutions grant to an accused the right to have the assistance of counsel for his defense. *U. S. Const.*, Amend. VI; *N. J. Const.* (1947), Art. I, par. 10; *State v. Whitlow,* 45 *N. J.* 3, 27 (1965). Included within the scope of this constitutional right is the right of an accused to secure counsel of his own choice. *Crooker v. California,* 357 *U. S.* 433, 439, 78 *S. Ct.* 1287, 2 *L. Ed.* 2d 1448, 1454 (1958); *Powell v. Alabama,* 287 *U. S.* 45, 53, 53 *S. Ct.* 55, 77 *L. Ed.* 158, 162 (1932); *State v. Reddy,* 137 *N. J. Super.* 32, 35 (App. Div. 1975); *State v. Yormark,* 117 *N. J. Super.* 315, 340 (App. Div. 1971), certif. den. 60 *N. J.* 138 (1972), cert. den. *sub nom. Mulvaney v. New Jersey,* 407 *U. S.* 925, 92 *S. Ct.* 2459, 32 *L. Ed.* 2d 812 (1972); *State v. Morgenstein,* 141 *N. J. Super.* 518, 525 (Law Div. 1976). See also, *State v. Jaquindo,* 138 *N. J. Super.* 62, 67 (App. Div.

68

1975), aff'd *sub nom. State v. Rizzo*, 69 *N. J.* 28 (1975); *State v. Lucarello*, 135 *N. J. Super.* 347, 353 (App. Div. 1975), aff'd o. b. 69 *N. J.* 31 (1975).

Our review of the record clearly demonstrates that defendant is not indigent and that there are sufficient funds from the sale of his pharmacy to pay the retainer which defendant agreed to pay to his attorneys in connection with the defense of the criminal charges against him. We are of the view that defendant should be permitted at this time to withdraw a portion of these funds for this purpose. We do not agree with the trial judge that the withdrawal of those funds should be conditioned upon a full accounting of the approximately $90,000 that defendant is alleged to have taken, or must await final hearing in this matter.

Accordingly, we reverse that portion of the order of the Chancery Division denying defendant the right to withdraw any funds to pay his attorneys' fees and costs in connection with the defense of the indictment pending against him and order that defendant be permitted at this time to withdraw an additional $8,000 from the funds held in the trust account of his attorneys in order to pay them the balance due on the retainer agreement. The matter is therefore remanded to the trial judge with direction that such an order be entered. We do not retain jurisdiction.